## TEDDY LYNN v. STATE.

No. A-268.  Opinion Filed February 6. 1911.

(113 Pac. 989.)

**NEW TRIAL—Surprise—Newly Discovered Evidence.** Where a defendant, of previous good character. has been. convicted on the uncorroborated testimony of the prosecuting witness, who admits that his ill will and animosity towards the defendant prompted the prosecution, and, considering the contradictory and improbable character of the testimony of said witness, and where one of the grounds for new trial was that defendant could prove by several witnesses, whose affidavits were attached and made a part of said motion, certain material facts which would probably alter the verdict, and where it appeared by defendant's affidavit that the materiality of said testimony was first disclosed by the testimony of the prosecuting witness, held, that a new trial should be granted.

(Syllabus by the Court.)

*Appeal from Kay County Court; Claude Duval, Judge.*

Teddy Lynn was convicted of violating the prohibition law, and he appeals. Reversed, and new trial awarded.

*J. F. King* and *W. B. Clark,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE.  Teddy Lynn, plaintiff in error, was convicted in the county court of Kay county for a violation of the prohibition law and sentenced to pay a fine of $100, and be confined in the county jail for a period of 40 days. From which judgment and sentence, he appealed by filing in this court, on July 30, 1909, his petition in error, with case-made attached.

This conviction was had on the testimony of the prosecuting witness, Frank Holmes, who in substance testified that on March 17, 1908, he lived at White Eagle, and on the morning of that day walked from there to Ponca City, arriving at the New State Rooming House, a two-story brick building near the business center, about noon, where he met the defendant, who invited him to have some beer; that they went upstairs in room No. 11; that Lynn

went out and brought back two pint bottles of beer, which they both drank, and for which witness paid $1; that witness wanted more; the defendant told him he had no more beer, but had some whisky, and defendant went out and brought back a pint bottle of whisky, and gave witness four glasses of it, for which witness paid 50 cents; that witness stayed in the room about three hours, and just before leaving the room witness bought a pint of whisky, for which he paid the defendant, then and there, $1.25; that as he started to leave defendant told him he could not take this whisky, and grabbed hold of him and took this pint of whisky away from him; that witness went down the hall and back steps, followed by defendant, and when they reached the idewalk, defendant struck witness a blow with his fist; that witness then went to a livery barn near by and was soon thereafter arrested for being drunk, and was placed in the city jail until the next morning, when he was found guilty in the police court, and a fine assessed. The testimony of the prosecuting witness was very contradictory, and he admitted his ill will and animosity toward the defendant. The defendant, testifying on his own behalf, testified that he was called from the street to his rooming house, where he found the prosecuting witness in room No. 8 in an intoxicated condition, and that he was insulting his wife; that he grabbed him, pushed him out, down the stairs onto the street, and there struck him several blows. The wife of the defendant testified to a similar state of facts. Several witnesses testified that the character of the defendant as a peaceable, law-abiding citizen was good. The instructions of the court fully and correctly state the law applicable to the case. The jury returned a verdict of guilty.

A motion for a new trial was filed on the grounds that: The verdict is contrary to the evidence; newly discovered evidence; and surprise at the evidence of the prosecuting witness, which by ordinary diligence and prudence he could not anticipate, which motion was duly verified by defendant and is supported by several affidavits, which are in substance as follows: Ed. Fleener, on oath, states that on the 17th of March, about 10 o'clock p. m.,

he was in the rear of the New State Rooming House, that he saw Teddy Lynn drive up in a buggy from the east, and Tommy Mc-Daniels came down the rooming house stairs and spoke to said Lynn; that Lynn immediately went up said stairs, and in a few minutes came out, preceded by Frank Holmes; that when they reached the street they engaged in a fist fight. Tommy McDaniels deposes that he has roomed and boarded with defendant for two years at the New State Rooming House; that during that time he has occupied room No. 11; that he was in said room on the 17th day of March from noon until 2:30 p. m.; that Frank Holmes came to said rooming house about that hour, and entered by the rear stairway; that he was then in an intoxicated condition; that he heard a controversy between the said Frank Holmes and Mrs. Lynn, and he went downstairs and called Mr. Lynn; that Mr. Lynn went upstairs, and shortly afterwards he saw Frank Holmes with his face and eyes considerably bruised and bleeding. Affiant further states Frank Holmes was at no time in room No. 11 on that day. De Loss Lumley deposes that he has known defendant for several years, and also Frank Holmes; that he saw said Frank Holmes in Ponca City on the forenoon of said 17th of March, about 10 o'clock, in an intoxicated condition; that he had a pint of whisky on his person and invited him to take a drink; that about 2:30 p. m. on said day, he saw him go to the rooming house conducted by Teddy Lynn, by the rear stairway, immediately after Teddy Lynn drove up from the east and where affiant was standing; that one Tommy McDaniels came out of the rooming house and spoke to him; that said Lynn thereupon went upstairs, and in the course of a few minutes the affiant saw Frank Holmes come down out of the rooming house with said Lynn following him, and as they reached the ground they engaged in a fist fight. Robert Stout deposes that he is acquainted with defendant and Frank Holmes; that on the 17th of March he met Holmes about the hour of 11 o'clock in the forenoon; that at that time he was considerably under the influence of liquor; that Holmes invited affiant to take dinner with him, and they went to a restaurant and had

dinner about 12 o'clock; that he stayed with Holmes until about the hour of 2:30 p. m., and Holmes during this time was continually drinking whisky; that about the hour of 2:30 Holmes left affiant, stating that he was going to get him a room and sleep his drunk off; and thereupon said Holmes entered the New State Rooming House by going up the rear stairway. Harry Hamilton deposes that he lived on his farm east of Ponca City, near the Arkansas river; that on the 17th day of March, about the hour of 12:30 p. m., Teddy Lynn drove to said farm and visited until 1:30 p. m. of said day; that Lynn then drove off in his buggy in the direction of Ponca City.

Upon a review of the testimony and the circumstances in evidence, and taking into account the ill will and animosity of the prosecuting witness by reason of the assault made upon him by the defendant, and the contradictory and improbable character of the testimony of the prosecuting witness, we are of opinion that, upon the showing made of surprise and newly discovered evidence, the motion for a new trial should have been granted.

The judgment of the county court of Kay county is therefore reversed, and a new trial awarded.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.