## CHARLES WARNER v. STATE.

No. A-1509.   Opinion Filed January 13, 1913.

(129 Pac. 76.)

1.  **COURTS — Jurisdiction—Misdemeanors—County Courts—Transfer of Cause.**  (a)  When an indictment is returned by a grand jury in a district court charging a misdemeanor, it is the duty of the judge of the district court to make an order transferring such indictment to the county court for trial.

    (b)  When an order is made by a district court for the transfer of a misdemeanor indictment to a county court, it is the duty of the clerk of such district court to properly enter said order in the minutes of the court and certify the same down, together with the indictment and other papers in the case.

    (c)  When an order is made by a district court for the transfer of an indictment in a misdemeanor case, and the clerk fails to enter such order properly upon the minutes, and the papers and indictment are certified to the county court without such order of transfer, although the same was in fact made, and then upon application of the county attorney the district court enters a plea to the indictment, any defects in the transfer are to the county court, this is sufficient to take the place of the original order and to validate the transfer in all respects.

2.  **SAME—Transfer of Cause—Defects in Transfer.**  When an indictment charging a misdemeanor is transferred from a district court to a county court, and the person against whom the offense is charged appears in court, gives bond, waives arraignment, and enters a plea to the indictment, and defects in the transfer are thereby waived.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court;*
*Geo. A. Jones, Judge.*

Charles Warner was convicted of violating the prohibitory law, and he appeals.   Affirmed.

*M. M. Alexander,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Charles Warner, was tried and convicted at the October, 1911, term of the county court of Okmulgee county on a charge of selling intoxicating

liquors, and his punishment fixed by the court at a fine of $500 and imprisonment in the county jail for a period of 90 days.

The only assignment of error that is urged for reversal of this judgment is based upon the contention that the county court was without jurisdiction to try the accused by reason of alleged irregularities in transferring the indictment from the district court to the county court. Counsel in his brief has argued the question at length. A motion to dismiss was filed in the county court on this ground; the allegation of the motion being in the following language:

"Comes now the defendant in the above-entitled cause * * * and * * * moves the court that it dismiss the action herein pending against this defendant, and for cause of said dismissal shows to this honorable court that it is without jurisdiction to hear and determine this action now pending against this defendant for the reason that there is no order of court of record in this court transferring said cause from the district court of Okmulgee county, Oklahoma, to the county court of said county and state, as is provided by law. The defendant in support of his motion shows unto this honorable court that this cause is now pending in this court by virtue of an indictment returned into the district court of Okmulgee county, Oklahoma, and that no order was made of record whereby said cause, which was a misdemeanor, was transferred to the county court of Okmulgee county, Oklahoma, at the time the clerk of the district court aforesaid pretended to transfer said cause to said county court aforesaid, but that the clerk of said district court made a transcript of a pretended order of transfer of said cause to the county court aforesaid which pretended order is not of record in this court. * * *"

The motion then sets out an unsigned order of the judge of the district court of Okmulgee county ordering the transfer of this cause to the county court. Upon the filing of this motion, the county attorney appeared before the district court and asked that a *nunc pro tunc* order be entered of record transferring the cause, which was done. Such order, among other things, contains the following recital:

"And it appearing to the court that certain indictments were returned by said grand jury to said district court, and that each and all of said indictments, hereafter referred to by number, were misdemeanors and properly triable in the county court of

Okmulgee county, Oklahoma. And it further appearing to the court that by inadvertence, oversight, and mistake the criminal journal of the district court of Okmulgee county, Oklahoma, does not show that said causes were transferred to the county court of Okmulgee county, Oklahoma, as required by law. It is therefore here ordered and adjudged by the court that an entry *nunc pro tunc* be entered in the criminal journal of said court as of date, December 13, 1910," etc.

This *nunc pro tunc* order includes the case at bar.

Counsel for appellant at no time contended by his motion, nor does he contend here in his brief, that the district court failed to make an order transferring the indictment in this cause to the county court as provided by statute. His contention is based solely upon the ground that there was no certified copy of such order included in the papers on file at the time they were transferred. It is true that this order should have been included in the papers, but, if the order was in fact made, it is not fatal to the jurisdiction of the county court that a certified copy thereof did not come down from the district court to the county court at the same time and attached to the indictment. This omission, while it should not have occurred, was an omission of a duty imposed upon the clerk and not the court. The court having made the order, the clerk should have entered it in the record. Having failed to enter it in the record, when the court's attention was called to it, the order should have been made and certified down. This was done. This court has never held the contrary, and, in fact, has specifically said that it was the duty of the county attorney to see that these orders were properly made and included in the record, and that, when this was not done, the county court should return them to the district court for completion. See *Hendrix v. State*, 5 Okla. Cr. 125, 113 Pac. 544. The bringing down of a *nunc pro tunc* order showing the transfer answers all the purposes of an original order. The county court had jurisdiction in fact, but the record did not show it until this *nunc pro tunc* order was filed. The county court properly refused to overrule the motion to dismiss the indictment.

In this case it appears that the accused was arrested on a warrant from the county court after the indictment was trans-

ferred from the district court; that he gave bond for his appearance, waived arraignment, and entered a plea of not guilty. This action upon his part had the effect of waiving any defect in the transfer, and, even though the county attorney had not procured the *nunc pro tunc* order, this judgment would not be reversed. See *Eakins v. State*, 7 Okla. Cr. 351, 123 Pac. 1035.

There being no other error urged for reversal, and none appearing from our examination of the record, the judgment of the trial court is affirmed.

FURMAN, P. J., and DOYLE, J., concur.