## R. E. DOWNEY v. STATE.

No. A-5441. Opinion Filed March 16, 1926.
(244 Pac. 60.)

Bicking & Wilson, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Tulsa county, January 8, 1924, R. E. Downey "did on said day have in his possession intoxicating liquor, namely whisky, in the amount of five pints, with the intention" of selling the same. On the trial the jury returned a verdict finding him guilty as charged in the information and fixed his penalty at a fine of $500 and imprisonment in the county jail for 6 months. From the judgment rendered on the verdict he appeals. Several questions are presented for determination. It is not the purpose of this opinion to review all these questions.

The undisputed facts are that on the night of the day alleged several police officers of the city of Tulsa made a raid on a house located at 10 North Lawton street, city of Tulsa, and searched all the rooms in the house, and also searched the garage; three or four pints of whisky were found concealed in a trunk in the garage, some empty bottles were found in a public bathroom; Officer J. A. Brown testified that a pint bottle partly full of liquor was found in the room occupied by the defendant and his wife and baby.

When the case was called for trial, the affidavit for a search warrant could not be found; counsel for defendant demanded and was denied an opportunity of examining the same. The state called Jas. A. Brown, who testified that he was a city detective and helped search the premises No. 10 North Lawton street; that he had a search warrant for these premises, made a return on the warrant, and returned it to the captain's office.

J. L. Martin testified that he was deputy court clerk; that his office has the custody of search warrants after the return is made; that he had made an effort to find the affidavit and search warrant used in this

case, but has been unable to find the same; that he did not think that any of the 1924 search warrants could be found.

Raymond Hoagland testified that he was court clerk of the municipal criminal court; that as a general rule the search warrants with return thereon are filed in the captain's office, but he has been unable to find any affidavit or search warrant in this case; that he does not know whether or not a search warrant issued in this case.

Thereupon the trial proceeded. J. A. Brown, recalled, testified:

"We went to 10 North Lawton about midnight, myself and Woody Wilson at the front door, Officers Boyd and Duncan at the back door. We knocked, and heard somebody say, 'Wait a minute.' We went into the bathroom and found several empty bottles. We could see where liquor had been poured out. We came back to defendant's room and there found a pint bottle partly full. We went out to the garage in the rear, and one of the boys went back and got a key from Roy and came back to the garage; then we went in and found four or five pints in an old steamer trunk."

On cross-examination he stated: The search warrant was directed to 10 North Lawton, all rooms and outhouses; that the place is a private residence, but he thinks they keep roomers; that he could not say whose property it was; that defendant's wife and baby were there at the time, and another man and his wife occupied one of the rooms.

H. R. Boyd testified that he was with Officers Brown, Wilson, and Duncan and assisted in the arrest of Downey; it was probably 12 o'clock at night; that he, with Officer Duncan, went around to the back and knocked on the door, and Pewee Morrison came to the

door, and he and Duncan came around and went in the front door, and they all went through the house and found one pint of whisky in the house and several empty bottles in the bathroom with about half a teaspoonful of whisky in them; then went to the garage and found four pints in a trunk in the garage; that they had a search warrant and he thought it was a John Doe search warrant, with just the street and house number, and they arrested Morrison and defendant Downey, who with his wife and baby occupied the south front room; that defendant Downey was in bed when he first saw him that night; that Officer Duncan is now in Sand Springs; and that Officer Wilson is now in K. C. on his vacation.

The state rested, and defendant asked for a directed verdict in the form of a demurrer to the evidence, which the court refused to do.

As a witness in his own behalf, R. E. Downey testified that, with his wife and baby, he occupied the front room at 10 North Lawton street, and was in bed when the officers made the raid; that W. J. Morrison, Mr. Weeks, Mr. Mitchell and his daughter, and others lived there at that time; that when the officers found the whisky Morrision said that it was his whisky; that he had lived there about two months, and the officers arrested him and Morrison; that he did not know any liquor was kept there.

J. A. Brown, recalled in rebuttal, testified:

"I don't think I had any conversation with Pewee Morrison that night."

H. R. Boyd, recalled in rebuttal, testified:

"I had a conversation with Pewee Morrison; at that time the other officers were talking to Downey; Morrison claimed the pint of whisky that was found

in the house, and said he didn't know anything about the whisky found in the trunk in the garage."

The overruling of defendant's motion for a new trial is assigned as error.

One of the grounds of the motion for new trial was newly discovered evidence, which defendant with due diligence was unable to procure at the time of the trial. Another ground was surprise which ordinary prudence could not guard against, wherein Officer Brown in his testimony tried to connect defendant with possession or some interest in the garage on said premises, and the liquor found therein, in stating, "We went out to the gagage in the rear, and it had a lock on it, and one of the boys went back and got a key from Roy and came back to this garage"—this being the only testimony which would in any manner tend to show that the defendant had anything to do with said garage, and the testimony of Officer Boyd that Morrison stated to him that he did not know anything about the whisky found in the garage.

The motion is supported by the affidavit of J. L. Wilson, member of the Tulsa police department, that he was present at the time and place when the raid was made and the arrest of defendant, Downey, took place; that at the time defendant, Downey, was tried in this cause, this affiant was on his vacation and was not in the state of Oklahoma. This affiant further states that if he had been present at the time of the trial, he would have testified to the circumstances of the arrest as he observed them at the time, which are as follows:

"That upon conducting the raid, Roy Downey, his wife and baby were found in the house; that they occupied one room of the building; that Roy Downey owned an automobile which was sitting in the yard; that some one else's car was in the garage.

"Affiant further states that at the time of the raid Pewee Morrison was in the house and known to this affiant as a bootlegger; that this affiant knew said Pewee Morrison had a conversation, wherein Morrison stated to this affiant that he owned the whisky found in the house, and that he also owned the trunk and whisky that was found in the same in the garage, and asked me not to take Roy down to the station."

The rule is well settled that an application for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the court. It is a well settled general rule that, where reasonable diligence has been used, if the testimony is such that if introduced at the trial, it would not only tend to impeach or discredit the prosecuting witness, but would be such as would reasonably and probably change the result, a new trial should be granted. Lynn v. State, 5 Okla. Cr. 115, 113 P. 989; Cantrell v. State, 12 Okla. Cr. 534, 159 P. 1092.

It will be observed that in this case the testimony of the two witnesses for the state is in direct conflict as to several material facts; that the affidavit of Officer Wilson corroborates the testimony of defendant, and further adds new testimony that was not in evidence and not known to the defendant at the time of the trial.

Considering the inconsistent and contradictory statements of the state's witnesses, we are of opinion that the trial court abused its discretion in overruling the motion for a new trial.

The judgment of the lower court is therefore reversed and a new trial awarded.

BESSEY, P. J., and EDWARDS, J., concur.