## CURTIS LEARY v. STATE.

No. A-5257.  Opinion Filed June 5, 1926.
(246 Pac. 662.)

C. A. Coakley and Utterback & Stinson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J.  Curtis Leary, plaintiff in error, here referred to as the defendant, was by verdict of a jury in the district court of Marshall county found guilty of the crime of seduction, with his punishment assessed at im-

prisonment in the penitentiary for a term of three years and to pay a fine of $250.

This prosecution was begun on the 27th day of September, 1923, by the filing of a criminal complaint signed by Lee Hicks, the prosecuting witness, with J. R. Hearn, a justice of the peace in Madill. This justice issued a warrant upon which the defendant was arrested and made bond to appear for an examining trial on the 30th day of November. On November 26th Bob Hicks, father of the prosecuting witness, filed an affidavit with said justice of the peace, asking for a change of venue for the state. Without notice to either the defendant or the state, as represented by the county attorney or other officer, this justice made an order transferring the venue to Marvin Neff, another justice in the city of Madill.

Both parties, the state and the defendant, appeared before the justice to whom the venue was thus transferred and participated in an examining trial, at which trial the justice held the defendant to answer to the district court. An information was then filed in the district court charging the defendant with the crime of seduction. On January 28, 1924, the defendant filed a motion to quash the information, which motion was by the court overruled, and the cause proceeded to trial.

The assignments of error urged by the defendant may be condensed as follows: (1) That the preliminary hearing held before Justice of the Peace Neff was a nullity, and that the district court was therefore without jurisdiction. (2) Error to the court in refusing the defendant's application for a new trial on the ground of newly discovered evidence. (3) That the evidence is insufficient to support the verdict.

Where co-ordinate courts within a city or county have identical jurisdiction over offenses committed within their

territorial limits, a change of venue may ordinarily be had by consent of the parties. This may be true even where there are statutes prescribing when and under what conditions a change may be had. Oborn v. State, 143 Wis. 249, 126 N. W. 737, 31 L. R. A. (N. S.) 966; State ex rel. Schwabacher v Superior Court, 61 Wash. 681, 112 P. 927, Ann. Cas. 1912C, 814, and notes. While the facts in the cases just cited are not like those in the case at bar, the principle involved is the same.

There are many statutory and constitutional privileges which may be waived. The right to a change of venue or to object to a change is one of these, and where both parties appear before a tribunal which has jurisdiction of the offense and without objection the defendant submits to such jurisdiction, the court so sitting acquires jurisdiction of his person. Shuster v. Finan, 19 Kan. 114; Ex parte Davidson (C.C.) 57 F. 883.

This defendant had a preliminary trial before a justice of the peace who had jurisdiction as a committing magistrate in that district. The defendant was present with his attorneys, and, without objection, participated in the examining trial. The attorneys cross-examined the state's witnesses, and after the justice of the peace found that the evidence warranted holding the defendant to trial, they agreed upon the amount to be named in the appearance bond.

The purpose of a preliminary complaint and a warrant based upon it, together with the subsequent apprehension of the accused under the warrant, is to get the defendant into court for an examining trial. Now, if he comes into an examining court voluntarily and interposes no objection to the court's power to act, why should the statutory process to bring him there be invoked? Why require the issuing of a useless process to accomplish something which has already been accomplished?

The statutory mode of taking a change of venue may be dispensed with or waived by the written or oral agreement of the parties. A change of venue, or an objection thereto, is a privilege which may be waived. It is a remedial right, and statutes governing that right should be liberally construed. 16 C. J. 203; State v. Potter, 16 Kan. 80; Ex parte Moan, 65 Cal. 216, 3 P. 644; Warner v. State, 8 Okla. Cr. 497, 129 P. 76. It is well settled that where a statutory right may be waived by express agreement it may be waived by conduct of equivalent import.

Under the peculiar circumstances in this case, we think the defendant's motion for a new trial on the ground of newly discovered evidence should have been granted, upon the showing made as to what such evidence would disclose. This was a very close case on the facts. The newly discovered evidence was that of a husband and wife, at whose house a social dance was held in December, 1922. They made affidavit that the prosecuting witness and her escort of the evening during the dance repaired to a place outside, near the house, where they indulged in an act of illicit intercourse which affiants witnessed. The state offered evidence, upon the hearing of the motion, of a number of witnesses who were at this dance to the effect that the prosecutrix, with three others, were at this dance for about an hour, that the four came there together and left together, and that at no time during their stay did the prosecutrix leave the room with only her escort.

It would seem that the newly discovered evidence, even with the controverting evidence of the state, considered in connection with the weakness of the state's case upon some of the essential elements of the crime charged, might have been sufficient to change the verdict upon a retrial. Yoder v. State, 18 Okla. Cr. 637, 197 P. 848; Graham v. State, 12 Okla. Cr. 84, 152 P. 136; Lynn v. State, 5 Okla. Cr. 115, 113 P. 989; 20 R. C. L. "New Trial," § 72.

The defendant urges that the evidence is insufficient. He admits having had illicit sexual relations with the prosecutrix, but denies that it was under promise of marriage, or that he was responsible for her loss of chastity. The prosecutrix admits, and there is much evidence to show, that at about the same time, just before and just after, as her alleged seduction, often late at night she went automobile riding with other boys, went to dances, to parties, and to other social affairs with first one and then another of the boys of the neighborhood. The proof of her chastity and her claim that she yielded under promise of marriage rested practically entirely upon her own testimony. It is hard to reconcile the fact that she gave a Christmas present to another of her sweethearts on Christmas, and that without passing any tokens of endearment she was seduced under promise of marriage a few days later in the same December. The showing made on the motion for a new trial, to the effect that she had been seen in a compromising situation with this third person about this time, casts some further doubt upon the verity of her testimony.

On rehearing and a careful re-examination of all the evidence, we have come to the conclusion that the evidence was insufficient to support the verdict. This conclusion is reached without any consideration of matters brought to the attention of this court, upon the petition for rehearing, outside the record proper.

The judgment of the trial court is reversed and the cause remanded.

DOYLE and EDWARDS, JJ., concur.