## Ex parte ED HAND.

No. A-3044.   Opinion Filed July 14, 1917.

(164 Pac. 449.)

1. **JUSTICES OF THE PEACE—Election—Towns.** Incorporated towns of less than 1,500 inhabitants are entitled to elect one justice of the peace; said justice of the peace has jurisdiction to sit as an examining and committing magistrate in felony cases for offenses committed within the county where such town is located.

2. **SAME—Officers—De Facto Officers.** A person in undisputed possession of the office of justice of the peace and exercising the functions properly belonging thereto under color of title to such office is a de facto justice of the peace, and his official acts are binding on the public and third persons.

*Ex parte* application by Ed Hand, for writ of *habeas corpus* directed to the Sheriff of Dewey County. Writ denied.

*Milton Clark,* for petitioner.

*W. J. O'Hara,* Co. Atty., *S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for respondent.

MATSON, J.   Petitioner demands that he be discharged from the custody of the sheriff of Dewey county, Okla., by whom he is being held pursuant to a judgment of the district court of Dewey county, in which court he was convicted of the crime of conducting a gambling game and sentenced to one year's confinement in the state reformatory at Granite, Okla., and to pay a fine of $500. The grounds stated in his petition are that a pretended preliminary hearing in said case was had before one G. W. Leighnor, who was at that time assuming to act as justice of the peace for the town of Seiling, Dewey county, Okla., but petitioner alleges that the town of

Seiling, being an incorporated town of less than 1,500 inhabitants, has no such office as that of justice of the peace; therefore that no valid preliminary examination was had of this petitioner whereby the district court obtained jurisdiction to try said cause and render judgment therein. Also because, if there is such an office as town justice of the peace in towns of less than 1,500 inhabitants in this state, no valid appointment of the said G. W. Leighnor was made, the petitioner alleging that the said G. W. Leighnor was appointed to the office of justice of the peace by the board of trustees of said town, and not by the board of county commissioners of the county.

At the inception of statehood by section 18, art. 7, of the Constitution the office of justice of the peace was created, and jurisdiction conferred upon such magistrates to examine and commit in all felony cases. Section 2, art. 18, Constitution provides:

"Every municipal corporation now existing within this state shall continue with all of its present rights and powers until otherwise provided by law, and shall always have the additional rights and powers conferred by this Constitution."

By section 2 of the Schedule to the Constitution all laws in force in the Territory of Oklahoma at the time of the admission of the state into the Union, not repugnant to the Constitution nor locally inapplicable, were extended in force in the State of Oklahoma until they expired by their own limitation or were altered or repealed by law. The Territory of Oklahoma had provided for the election of justices of the peace by incorporated towns, whose jurisdiction was to hear and determine all offenses against the ordinances of the town for which

said justice was elected, and also concurrent jurisdiction with all other justices in all civil cases and in all criminal cases for offenses against the laws of the state committed within the county where such town was situated. Section 721, Rev. Laws 1910. Other justices of the peace under the territorial law were elected by townships, each municipal township at that time being entitled to elect two justices of the peace. Article 1, c. 80, Statutes 1893. Under the territorial statute cities were designated townships for the purpose of electing justices of the peace. These territorial statutes were each extended in force in the state. In 1908 the Legislature of this state by article 1, c. 47, Session Laws 1908, abolished the election of justices of the peace by townships, and in their place and stead substituted the election of justices of the peace by districts, providing, in substance, that the board of county commissioners should divide the county into at least six justices of the peace districts, or more as such board might deem expedient, providing that not more than one justice of the peace and one constable for each precinct should be provided. Said act also provided that all cities of 2,500 inhabitants or less should constitute a separate justice of the peace district and elect one justice of the peace and one constable, and in all cities of more than 2,500 inhabitants two justices of the peace should be elected, and in all cities of more than 25,000 inhabitants an additional justice of the peace should be elected for each 10,000 inhabitants, or fractional part thereof in excess of 25,000; also that incorporated towns of more than 1,500 inhabitants should constitute a justice of the peace district and elect one justice of the peace. Said act of 1908 specifically repealed that part of chapter 80 of the Statutes of 1893 providing for the election of

justices of the peace and constables in townships. It made, however, no reference to, nor did it specifically repeal, any territorial act providing for the election of justices of the peace in incorporated towns of less than 1,500 inhabitants. The territorial act providing for the election of justices of the peace by towns, therefore, if repealed, was repealed by implication only, and such repeals are not favored.

There was no more conflict between the territorial act providing for the election of justices of the peace in incorporated towns and the act of 1908 providing for the election of other justices of the peace by districts than there was between the old territorial acts providing for the election of certain justices of the peace by towns and others by the townships. It is our opinion that both acts, that of 1908 and the territorial act providing for the election of justices of the peace by each incorporated town, may stand; that they are not in conflict with each other; that it was clearly not the legislative intent to do away with the office of justice of the peace elected by towns of less than 1,500 inhabitants by the enactment of article 1, c. 47, of the Session Laws of 1908. To so hold would deprive each such incorporated town of its only judicial officer who has jurisdiction to try offenses against the ordinances of such towns, and would render such corporations powerless to carry into effect the powers granted to them by the statutes of this state. The fact that it is provided by section 8172, Rev. Laws 1910, that in the organization of municipal townships no city or incorporated town of more than 1,500 inhabitants shall be included within the corporate limits of any township does not conflict with this holding. While incorporated towns of less than 1,500 inhabitants form an integral

part of our township government, and, as was held by the Supreme Court of this state in *Byers v. Dunham*, 50 Okla. 266, 150 Pac. 1049, are subject to be taxed for the support of township government, yet they nevertheless form a corporate entity separate from the township, with certain delegated powers within their respective boundaries, just the same as cities, towns, and townships are an integral part of the county, but still possess as corporate entities powers separate and distinct from the county government.

Our statutes provide for the election of one justice of the peace by each incorporated town. Chapter 136, Sess. Laws 1911. Said act and chapter (amending article 2, c. 16, p. 262, Sess. Laws 1909, and chapter 92, Sess. Laws 1910), amount to a legislative construction of the 1908 act (article 1, c. 47, *supra*) and indicate clearly that the election of justices of the peace by towns of less than 1,500 inhabitants was not intended to be abolished by the act of 1908.

It is unnecessary to determine in this proceeding whether or not an appointment to a vacancy in the office of justice of the peace elected in towns of less than 1,500 inhabitants is to be made by the board of trustees of the town or by the board of county commissioners. G. W. Leighnor is admitted to be in undisputed possession of such office and its records and he exercises the functions belonging to it under color of title. The state has not questioned his title to the office as a *de facto* justice of the peace, and his official acts were binding on the public and third persons.

Writ denied.

DOYLE, P. J., and ARMSTRONG, J., concur.