## EBB WELLS v. STATE.

No. A-3016. Opinion Filed Oct. 21, 1919.

(184 Pac. 465.)

LARCENY—Sufficiency of Evidence. The record in this case carefully examined, and found that the verdict of the jury is sufficiently supported by the evidence, and that no error prejudicial to the defendant was committed in the trial of the case.

*Appeal from District Court, Washita County; Thomas A. Edwards, Judge.*

Ebb Wells was convicted of grand larceny, and he appeals. Affirmed.

*Smith, Jones & Smith,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Ebb Wells, hereinafter called defendant, was, with A. J. Seimen, informed against jointly for grand larceny, both of them convicted, and the defendant sentenced to be confined in the

state reformatory at Granite, Okla., for a period of three years. To reverse the judgment rendered, he prosecutes this appeal.

The record does not disclose that A. J. Seimen was sentenced upon his conviction, or what disposition was made of the case as to him. The evidence in the case tended to show that B. P. Bird attended a dance in Canute, Okla., on the 15th day of February, 1917, and at the time owned and had upon his person a watch of the value of $20, a $5 bill, a little silver, $2 or $3, five Buffalo nickels, and a pocketbook in which was a check for $5; that he knew the defendant and said Seimen, who were present at said dance; that said Bird was drinking and partly intoxicated, and after the dance, and at the instance of Seimen and defendant, and accompanied by them, started towards the depot in said town, and on their way thereto the person of said Bird was felt over by said Seimen, to which Bird objected, and afterwards he was knocked down and stamped by the defendant; that thereafter Bird discovered the loss of his said personal property, and complained thereof to a deputy sheriff, who accompanied him to the depot, and there found and searched the defendant and Seimen, but did not find any of said described personal property on the person of either one of them, but thereafter said pocketbook and check were found just without said depot on the ground, and under the seat occupied by Seimen were found five Buffalo nickels, and on the floor nearby was found a watch, and said pocketbook and watch were identified by Bird as belonging to him.

There was also evidence tending to show that the defendant and Seimen, on the night of said dance in Canute sought to get one Miller to go to said depot with them, got hold of Miller's pockets, and turned them out; that Miller

left them and went to said depot, and after he got to the
depot Seimen came and said "he would have to go and find
his partner," and went out, and shortly thereafter he and
the defendant together returned to said depot; that on the
same night they caught one S., and tore his coat, at which
time the said Bird was with them, and thereupon S. said to
Bird, "Ben, let's go home"; and Ben replied, "In a few
minutes;"; and defendant started after S. and made him
run; and that the defendant and Seimen talked to the said
deputy sheriff that night, and denied that they had seen the
said Bird. There was also other evidence tending circum-
stantially to support the theory of the state that the de-
fendant and Seimen were accomplices in the commission
of the offense charged.

The defendant and Seimen each testified in their own
behalf, and were the only witnesses introduced by them,
or either of them, and each of them positively testified that
they did not have any knowledge of, or any connection
whatever with, the commission of the crime charged
against them; admitted that they were at the said dance
with Bird, and that they started to the depot with him,
and that when en route to the depot the defendant had a
fight, and that they had gone to the depot for the purpose
of going to another town.

The defendant filed a motion for a new trial upon the
ground, among other grounds, of newly discovered
evidence; the newly discovered evidence being con-
tained in an affidavit made by said A. J. Seimen
while in jail after his conviction, in which he fully refuted
the evidence given by him on the trial of this case, and
asserted that he alone, without the knowledge or assist-
ance of the defendant, committed the larceny charged
while at the dance, completely exonerating the defendant

from any complicity therein in any manner, and that he (affiant) had not communicated the facts stated in said affidavit to the defendant, or to any one, until after the trial in this case had been had. The court announced that it did not believe the averments of the said affidavit, over-ruled the motion for a new trial, and the defendant excepted.

The defendant most earnestly insists that the evidence is not sufficient to support the verdict rendered. With this contention we cannot agree. The undenied evidence is that the larceny of the personal property described in the information was committed, and while the evidence is in part circumstantial as to the defendant being an accomplice therein, the evidence we think warranted the jury in finding that the defendant and Seimen acted jointly in the commission of the offense charged.

"All persons concerned in the commission of a crime, * * * and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." Section 2104, Rev. Laws 1910.

"A conspiracy may be proved by circumstantial evidence." *Ex parte Hayes,* 6 Okla. Cr. 321, 118 Pac. 609; *Washmood v. United States,* 10 Okla. Cr. 254, 136 Pac. 184.

"In cases depending upon circumstantial evidence, where the circumstances proven are not only consistent with the guilt of a defendant, but are also inconsistent with his innocence, such evidence in weight and probative force may surpass direct evidence in its effect upon the court or jury." *Ex parte Jefferies,* 7 Okla. Cr. 544, 124 Pac. 924, 41 L. R. A. (N. S.) 749.

That the jury is the exclusive judge of the weight of the testimony is a well-established canon of law.

"The verdict of a jury will not be set aside for want of evidence to sustain it, when there is any evidence in the record from which the jury could legitimately draw the conclusion of the defendant's guilt." *Nowlin v. State*, 7 Okla. Cr. 27, 115 Pac. 625; *Arnold v. State*, 15 Okla. 519, 178 Pac. 897.

The defendant further complains that the preliminary court which committed the defendant was not an existing court, and insists that the verdict should be set aside on that account, but does not raise this question in his motion for a new trial, nor in his petition in error, and therefore such queston will not be considered by this court.

"Errors occurring during the trial cannot be considered by this court, unless they were incorporated in the motion for a new trial, and thereby submitted to the trial court, and its rulings thereon excepted to, and afterwards assigned for error in this court." *Ledgerwood v. State*, 6 Okla. Cr. 105, 116 Pac. 202.

However, we deem it not improper to say that the attack upon the legality of the preliminary court which held the defendant to answer in this case is without the slightest merit; the said justice of the peace being at least a *de facto* officer, and his official acts binding upon the public and third persons.

"A person in undisputed possession of the office of justice of the peace and exercising the functions properly belonging thereto under color of title to such office is a *de facto* justice of the peace, and his official acts are binding on the public and third persons." *Ex parte Ed. Hand*, 13 Okla. Cr. 614, 166 Pac. 449.

Seimen on the trial of the case having testified that he had no knowledge of, or connection with, the commission of the larceny charged, certainly no evidential weight could be given to the said newly discovered evidence, the aver-

:nents in his affidavit "that he alone committed the crime charged, and did so without the knowledge or assistance of the defendant," and the court did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.