### 15383. HERRINGTON v. THE STATE.

1. The first ground of the extraordinary motion for a new trial is without merit, because: (a) The letter referred to therein could not legally be admitted in evidence in case a new trial should be ordered. *Perry* v. *State,* 102 *Ga.* 368 (1) (30 S. E. 903). (b) Statements by a third person that he and not the accused was the actual perpetrator of the offense, are not admissible in favor of the accused upon his trial. *Cook* v. *State,* 22 *Ga. App.* 790 (5) (97 S. E. 258), and case cited. See, in this connection, *Kelly* v. *State,* 82 *Ga.* 441 (2) (9 S. E. 171); *Robison* v. *State,* 114 *Ga.* 445 (2) (40 S. E. 253); *Rawlins* v. *State,* 126 *Ga.* 96 (3, 4) (54 S. E. 924). Moreover, before a new trial should be granted upon alleged newly discovered evidence it should be such as, if believed, would probably produce a different verdict upon another trial,—such evidence as would be "decisive of the controversy." The record shows that the person who claims to have been the actual perpetrator of the crime in this case was tried and sentenced to the State penitentiary of Virginia, and had a bad record in "various other places." The evidence of such a witness, when disputed in any case, would hardly be "decisive of the controversy."
2. Evidence that Byrd (now deceased) told McSwain that "one of his men who was working with him investigating the accident" told Byrd that some unnamed and unidentified person told him (Byrd's assistant) that the car which hit deceased was a Nash touring-car and was driven by him (the unnamed person) is clearly hearsay, and would not be admissible upon a trial of the case.
3. The only effect of the alleged newly discovered evidence referred to in the 3d ground of the extraordinary motion for a new trial would be to impeach the witness referred to therein. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted. *Arwood* v. *State,* 59 *Ga.* 391 (1); *Levining* v. *State,* 13 *Ga.* 513 (1); *Wright* v. *State,* 34 *Ga.* 110 (2); *Jackson* v. *State,* 93 *Ga.* 190 (18 S. E.

401); *Haynes* v. *State*, 18 *Ga. App.* 741 (3), 742, 743 (90 S. E. 485), and cases cited." *Key* v. *State*, 21 *Ga. App.* 795 (1) (95 S. E. 269).

4. It is now the fixed law of this State that "the extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs; as, when a man has been convicted of murder and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." *Rogers* v. *State*, 18 *Ga. App.* 702 (90 S. E. 356), and cases cited.

DECIDED APRIL 16, 1924. REHEARING DENIED MAY 13, 1924.

Conviction of involuntary manslaughter; from Bibb superior court—Judge Mathews. January 12, 1924.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. To the headnotes it is necessary for a clear understanding of this case to add only the following statement of facts: Plaintiff in error was tried under an indictment which charged him with the murder of J. M. Cofer. He was convicted of involuntary manslaughter, made a motion for a new trial, which was overruled, and the judgment was affirmed by this court (31 *Ga. App.* 167). Certiorari was denied by the Supreme Court. Later the plaintiff in error filed an extraordinary motion for a new trial, which was overruled, and he excepted. The three grounds of the extraordinary motion which are insisted on in this court are: (1) Newly discovered evidence consisting of a letter which purported to have been written by one O. E. Burnett, then in jail at Danville, Va., which was addressed to the "Chief of Police, Macon, Ga.," and left on the desk of the acting chief of police of Danville, and in which Burnett said that he, and not Herrington, was the person that killed Cofer, and that he was driving a "Nash-six touring-car." (2) Newly discovered evidence of H. L. Mc-Swain that Walter C. Byrd (now deceased), who was at the time acting deputy sheriff of Bibb county, Georgia, and who was investigating the killing of Cofer by an automobile, told him that "one of his men who was working with him investigating the accident told him that the car that hit J. M. Cofer and killed him was a Nash-six touring-car, and that his helper got in the car and rode up the road a piece with him, and while he was in the car the man driving the car told him that he had struck a man back

down the road, but didn't think that he hurt him very bad." (3) Newly discovered evidence of the bad character of Mary Smith, a witness for the State.

The extraordinary motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*