## P. G. WAMPLER v. STATE.

No. A-6147.   Opinion Filed April 22, 1926.
(245 Pac. 69.)

A. W. Turner, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ottawa county on a charge of having possession of whisky with intent to sell, and his punishment fixed at a fine of $500 and confinement for a period of 90 days in the county jail.

The record discloses on the 29th day of November, 1925, a constable, with two other persons, had a warrant, and were looking for a son of defendant, and stopped near a mine shaft about 500 or 600 feet from his

residence, and later went to the residence, and discovered near it in a chat pile several bottles of whisky.

The evidence is that the defendant is an old man, 65 years old, and that he boarded with his son. The only evidence tending to connect defendant with the whisky is as follows: The witness L. Johnson testified:

"Q. Where was you when you saw him? A. Well, he was around back of the house, back of a chicken coop or hoghouse, and picked up something, supposed to be whisky. We seen him stoop down and pick up something and taken it to the front, an dwe figured the whisky was there, and went down there and found it.

"Q. What kind of a looking object was it you saw him pick up? A. We judged it was a bottle.

" From the position you were in what would you say it looked like? A. Looked like a bottle.

"Q. Then what did you do? A. Well, we went over and dug up seven or eight quarts of whisky and two half pints."

And on cross-examination be further testified:

"Q. You saw him get something back there? A. No; we didn't know what; just saw him kicking around there.

"Q. You don't know what he got there? A. No; I'm not positive it was whisky.

"Q. And you don't swear it was whisky, do you? A. No, sir."

The witness Earl Thompson, who was with the witness Johnson, testified:

"Q. At any time you were there did you see Mr. Wampler go out of the house? A. I don't remember whether I did or not. * * *

"Q. You hadn't seen him—Mr. Wampler—do a thing, had you? A. No."

Defendant denied any knowledge of or connection

with the whisky found on the premises. The defendant complains that the court erred in refusing to permit the jury to view the premises; it being his contention that the witnesses for the state could not see the ground at the place they found the whisky from the place they testified they were watching.

The motion for a new trial on the ground of newly discovered evidence has attached to it several affidavits; two of them being by deputies of the sheriff, and two others members of the jury that tried the case. We incline to the view, however, that the evidence offered as newly discovered merely seeks to contradict the evidence of the state, and, being in a measure cumulative of the evidence of defendant, that the overruling of the motion was discretionary with the trial court and is not reversible error.

It is further contended that the evidence is insufficient to sustain the verdict. The connection of the defendant with the whisky found is not direct and positive, but inferential. The two witnesses for the state who testified on this point do not agree, and the third witness was not questioned at all upon this point. The evidence raises a strong suspicion of the guilt of the defendant, but falls short of that conclusive character necessary to convict in a criminal case and is insufficient to sustain the judgment.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.