## GEORGE LAWSON v. STATE.

No. A-5582. Opinion Filed Sept. 4, 1926.
Rehearing Denied April 2, 1927.
(254 Pac. 110.)

E. C. Patton and Joe Adwon, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county on a charge of perjury and sentenced to a term of 5 years in the state penitentiary.

The facts appearing by the record are about as follows: In May, 1924, the Mustang State Bank was in a failing condition, and its report to the state bank commissioner was overdue. Joe Hewett was cashier, A. N. Hewett was his brother, and Claude Foster was assistant cashier. The Hewetts were aware that an examination of the bank would disclose its insolvent condition, so they arranged for a fake robbing or burglarizing of the bank, and procured Jack Shepard and Harry Hale to conduct a holdup, and Joe Hewett went to Oklahoma City with them and procured a large acetylene torch to be used in entering the vault. The fake robbery took place about 1 o'clock in the morning. There was at the bank at the time Joe Hewett, A. N. Hewett, defendant George Lawson, and Claude Foster. The Hewetts were at the time ostensibly preparing their report to the bank commissioner. Defendant explains his presence by stating that he stopped there

to have Hewett write him a business letter. Foster was not aware that the fake holdup was to be staged. According to plans, Shepard and Hale, masked, came into the bank and ordered the two Hewetts and Foster to lie face down on the floor, which they did. But Foster, probably having "smelled a mouse," jumped up and engaged one of the bandits in a fight, and thereby "broke up the meeting." A short time before this Joe Hewett had sold Sam Tenant, a farmer living some five miles from Mustang, some of the bank stock. Between the time of the fake robbery and the preliminary trial of the Hewetts, Tenant committed suicide. Later Shepard and Hale were arrested, charged with attempt to rob, and a preliminary had before the county judge, at which defendant testified, in substance, the attempted robbery was made by three men, one of whom was Sam Tenant. The state contends that only Shepard and Hale were in the fake robbery, that Tenant had no connection with it, was not present, and that the testimony of defendant that he was present was false and known to be false at the time. It is upon this testimony that the charge of perjury is predicated.

A number of assignments of error are argued, several of which will be considered. It is first contended that the evidence upon which perjury is based is not material. It is well settled that, to constitute perjury, it is not necessary that the matter sworn to should be directly and immediately material, but it is sufficient if it is so connected with the matter at issue as to have a legitimate tendency to prove or disprove some fact that is material. Wright v. State, 30 Okla. Cr. 425, 236 P. 633, and authorities there cited. The matter at issue, in the preliminary hearing in which the testimony was given, was the guilt or innocence of the defendants Shepard and Hale. It was material that the committing magistrate know the surrounding facts and circum-

stances of the attempted robbery, the number, and identity of persons participating in it. The testimony of the defendant that a third person, other than Shepard and Hale, participated tended to throw light upon the occurrence, and, within the meaning of the law, was material.

It is next argued that there is no sufficient proof that the testimony of the witness, on which the charge is predicated, was false, or even if false, that defendant did not believe it to be true. The defendant in this trial testified that he honestly believed that Sam Tenant was in the bank participating in the attempted holdup, and that he still believed it. The theory of the state is that defendant was at the bank at the time of the fake robbery for the purpose of being a witness; and since he had known Sam Tenant since he was a small boy, his positive testimony of identification was not a mere matter of inadvertence. The falsity of defendant's evidence was a question of fact to be submitted to the jury. It was specifically submitted to the jury and they were required to find beyond a reasonable. doubt that the defendant did testify falsely, and that when he so testified he knew his statement to be false; otherwise, they were instructed to return a verdict of not guilty. It was, of course, impossible to prove by direct and positive evidence the belief or knowledge of defendant except as it was shown by the fact that Sam Tenant was not at the bank and had no connection with the pretended holdup. This was abundantly shown by the family of Tenant, by whom an alibi as to Tenant was clearly proven, and by Shepard and Hale, who testified in substance that they did not know Tenant and that he had no connection whatever with them. The verdict on this point will not be disturbed.

Complaint is also made that the transcript of the

testimony taken at the preliminary was not shown to be correct. This testimony was taken by a stenographer who seemed to have been not overly competent. She was examined at length as to the correctness of the transcript; and the transcript, with the evidence of other witnesses supporting it, and admissions of the defendant, sufficiently establish the allegations of the information as to the testimony given. Defendant also denies that the testimony was given under oath. He denies that he was in the courtroom or was sworn with the other witnesses. The stenographer, a deputy court clerk, testified that he was sworn. On cross-examination she is not so positive, and merely testifies that she thinks he was sworn. The county judge testifies that he called all the witnesses present to stand up and be sworn, a large number stood up and he swore them, but he admitted that he was unable to remember all who were thus sworn. This also was a question of fact, to be submitted to the jury under proper instructions. The jury was correctly instructed that it must find affirmatively beyond a reasonable doubt that defendant was sworn as alleged. There is sufficient evidence to sustain the verdict.

It is also contended that there was error in overruling the supplemental motion for a new trial on the ground of newly discovered evidence. This supplemental motion sets out that two witnesses heard Claude Forster, soon after the robbery, state in substance that there were three men in the holdup gang, and that another witness would testify that he heard Sam Tenant say that he wished he had nothing to do with the holdup of the bank; that he only wanted to get back the money that he had paid for stock in the bank. The motion does not have affidavits of the witnesses attached; and the motion as to purported statements of the witness Forster as mere impeaching statements, and

the statement purporting to have been made by Tenant, is hearsay and inadmissible. The supplemental motion does not present such a showing of an abuse of discretion as to constitute error. McKenzie v. State, 34 Okla. Cr. 233, 245 P. 1005. Wampler v. State; 34 Okla. Cr. 141, 245 P. 69.

Some other incidental matters are discussed in the brief, but they are not of sufficient importance to require special consideration. Considering the case as a whole, it appears that the defendant was fairly tried, the evidence is sufficient to sustain the verdict, the issues of law correctly submitted, and no error warranting a reversal is apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.