## BEN GOSNEY v. STATE.

No. A-5734. Opinion Filed April 16, 1927.
(255 Pac. 161.)

J. V. Long and S. A. Horton, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Osage county on a charge of selling whisky, and was sentenced to pay a fine of $50 and to be confined in the county jail for a term of 30 days.

It is first argued that the evidence is insufficient to sustain the verdict. This contention cannot be sustained. The state's witness Maudlin testified that he went to the Clark restaurant in the town of Avant, and there purchased from defendant a drink of whisky and a half pint of whisky, and paid him the sum of $2. Another witness testified that he went to this restaurant with Maudlin, and remained in the front room while Maudlin went into the back room, and soon returned with a half pint of whisky. Defendant denied the sale. The weight of this evidence and the credibility of the witnesses was for the jury. This court will not disturb the verdict for insufficiency.

It is next argued that the court erred in denying defendant a new trial on the ground of newly discovered evidence. This newly discovered evidence is set out in two affidavits, one of I. J. Clark, the owner of the restaurant, where the sale is alleged to have taken place, in effect denying that Maudlin was at his restaurant at the time he testified. Reasonable diligence in the first instance would have required that before trial defendant inquire of the owner of the restaurant as to his knowledge. The other is an affidavit of one George Gideon in effect that he heard the state's witness say at one time that he did not purchase any whisky from defendant. These affidavits are in the nature of impeaching evidence, and present no sufficient showing to warrant the granting of a new trial on the ground of newly discovered evidence. Wampler v. State, 34 Okla. Cr. 141, 245 P. 69; McKenzie v. State, 34 Okla. Cr. 233, 245 P. 1005; Wilson v. State, 36 Okla. Cr. 148, 252 P. 1106.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.