## GEORGE E. BOGGS v. STATE.

No. A-8705.   July 12, 1934.
(34 Pac. [2d] 1078.)

Williams & Martin and W. L. Chase, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of manslaughter in the first degree in the killing of Vergil Ray, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 20 years.

The evidence of the state was that defendant shot deceased while he was in his farm wagon, dressed in his farm clothes, and attending to his ordinary farm work; that defendant went to the place where deceased was removing a partition fence, carrying a pistol; that he had just borrowed the pistol from a neighbor; that deceased was from 10 to 30 steps distant from defendant when defendant began firing upon him; that defendant saw no weapon, but claimed deceased made a move which led him to believe that he was armed and was going to shoot him.

The court instructed on the law of self-defense and covered that issue in a manner favorable to defendant.

Any conflict in the evidence was for the jury.   They had a right to disbelieve defendant's testimony, even if uncontradicted, if they believed it was unreasonable.   Powell v. State, 11 Okla. Cr. 615, 150 Pac. 92.

The homicide beng admitted, the burden was on defendant to raise a reasonable doubt of his guilt.   This he did not do.   Under all the facts and circumstances, 20 years' imprisonment in the penitentiary is not unreasonable or excessive punishment, considering the circumstances under which defendant took the life of his neighbor.

It is next contended the court had no jurisdiction to try defendant, because he had not had nor waived a preliminary examination.

This question was raised by a timely motion to quash the information and was submitted upon an agreed statement of facts. It appears from this stipulation that the justice of the peace was in undisputed possession of the office and exercising all the functions thereof and that by reason thereof he was at least a de facto officer.

A person in undisputed possession of the office of the justice of the peace and exercising all the functions belonging thereto under color of title to such office is a de facto justice of the peace, and his official acts are binding on the public and third persons. Ex parte Hand, 13 Okla. Cr. 614, 164 Pac. 449; Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785.

It was not error, therefore, for the trial court to overrule the motion to quash the information.

No fundamental error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.