### In the Application for Writ of Error Coram Nobis by Ray Allen YOUNG.
### No. A–12820.

Court of Criminal Appeals of Oklahoma.
Nov. 2, 1960.

W. J. Ivester, T. G. Braddock, Stansell Whiteside, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Loys Criswell, County Atty., Altus, for defendant in error.

BRETT, Judge.

██ This is an application for leave to file a petition for Writ of Error Coram Nobis. This matter having been determined by a final adjudication in this appellate court (Young v. State, Okl.Cr., 357 P.2d 562) it is proper that leave be sought herein to file the same in the District Court of Jackson County, Oklahoma. Hendricks v. State, Okl.Cr., 297 P.2d 576. In re Winineger's Petition, Okl.Cr., 337 P.2d 445.

██ The basis for this application is the affidavit of Bernice Scott obtained subsequent to the opinion rendered herein. The effect of said affidavit is that she and the defendant had consumed such large quantities of drugs and whiskey that Ray Allen Young was in such a state of mind that he could not have formed a premeditated design. She asserts that her testimony at the time of trial as to Young's being sober was completely false, and that she desired to repudiate it. In this connection the testimony of other reputable people who saw Young shortly after the killing corroborated the testimony of Bernice Scott as to Bernice Scott and Young's being sober. Other testimony, as pointed out in the opinion, contradicted the testimony of those witnesses who testified to the effect that they were sober. But the point was a question for the jury to determine upon conflicting evidence. We are now asked to weigh the evidence, which it is not our province to do. We will not interfere with the jury's verdict where it is supported by evidence reasonably tending to support its findings. We would be more inclined to defendant's contention if the affidavit was that of a sole witness testifying on the issue involved, but even then such impeachment is not necessarily grounds for relief. 23 C.J.S. Criminal Law § 1461, page 1253, note 11. Humphrey v. State, 39 Ga.App. 406, 147 S.E. 402; Herrington v. State, 32 Ga.App. 83, 123 S.E. 147, and other cases. Moreover, the court in passing on the affidavit alleging new evidence in support of the application for Writ of Error Coram Nobis should determine the credibility of the witness offered in repudiation and determine whether the testimony would be worthy of belief. 23 C.J.S. Criminal Law § 1461, page 1253, note 12. Wells v. State, 16 Okl.Cr. 461, 184 P. 465; Ryal v. State, 16 Okl.Cr. 266, 182 P. 253; Collins v. State, 23 Okl.Cr. 70, 212 P. 447, 218 P. 183; Galbert v. State, Okl.Cr., 278 P.2d 245. We are of the opinion that the affidavit of Bernice Scott is so palpably exaggerated as to the amount of whiskey and drugs consumed (5 to 6 pints of whiskey in $2/3$ of a day, together with numerable yellow jackets, redbirds, etc.) as to be absolutely unworthy of belief. If the defendant, Young, and Bernice Scott had consumed the liquor and drugs as delineated in the Bernice Scott affidavit, both of them would certainly not have had the mentality to do the intelligent things in planning their killings with such meticulous care as this record discloses and as set forth

in the opinion. They would in our opinion have been completely unconscious if not in a state of rigor mortis. It is a scientific fact that .50 of 1% of alcoholic content is sufficient to produce death, from the standpoint of alcohol alone, (Toms v. State, 95 Okl.Cr. 60, 239 P.2d 812) not to take into consideration the large quantity of drugs that the affidavit alleges they consumed. Bernice Scott's affidavit is so overdrawn on the question of consumption of liquor and drugs that it is not worthy of belief on that issue.

Otherwise, Bernice Scott's affidavit substantially repeats the story she told in the State's case, in chief as to the preparation for the consummation of the crime and the great pains they took to make sure that the guns were in working order. This was the conduct of people, not drunk and drugged beyond comprehension, but of people who knew what they were doing and how they proposed to accomplish it.

■ In addition to the things hereinbefore indicated, the affidavit contained charges as to her treatment in the county jail to the effect that she was provided liquor, sometimes several pints at a time, and that she was permitted to visit in the jail with her negro boy friend, Eddie Mayfield. These statements were expressly denied by counter affidavits from the sheriff and other reputable people, which brand the Scott affidavit as being false in said particulars. In Whitworth v. State, 80 Okl. Cr. 239, 158 P.2d 364, 159 P.2d 277, a witness' affidavit asserted that his testimony at the trial was untrue and false, therein this court said:

"The practice of granting new trials upon affidavits of persons who have been convicted and then change their testimony, admitting that they had committed perjury, is not looked upon with favor by the courts."

To the same effect is Tobler v. State, 87 Okl.Cr. 25, 194 P.2d 202, 205. In Ryal v. State, supra, this court quoted with approval from People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A.1916F, 1044, where it is held [16 Okl.Cr. 266, 182 P. 259]:

"Where, after conviction, the state's witnesses asserted that their testimony at trial was false, accused is not as a matter of law entitled to a new trial, but new trial will be granted only if the trial court in the exercise of its discretion determines that the recantation was probably true."

■■ In this instance the question is for this Appellate Court to decide. We do not believe that the affidavit when measured in the light of sworn testimony of Bernice Scott given at the trial and by the testimony of reputable witnesses corroborating her testimony at the trial, that Bernice Scott's affidavit is sufficient to warrant us in granting leave of the petitioner to file the application for Writ of Error Coram Nobis in the District Court. Hurt v. State, Okl.Cr., 312 P.2d 169. In re Wininger's Petition, Okl.Cr., 337 P.2d 445, supra; and Tobler v. State, supra. In Ex parte Goff, 87 Okl.Cr. 33, 194 P.2d 206, 207 we said:

"A writ of error coram nobis does not lie to correct any error in the judgment of the court, not to contradict or to put in issue any fact directly passed upon and confirmed by the judgment itself, nor to review and revise the court's opinions but only enables the court to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court."

State ex rel. Burford v. Sullivan, 86 Okl. Cr. 364, 193 P.2d 594; Sanders v. State, 85 Ind. 318, 44 Am.Rep. 29; Freeman on Judgments, par. 94; Ex parte Hinley, 94 Okl.Cr. 267, 234 P.2d 947; Hinley v. State of Oklahoma, 342 U.S. 856, 72 S.Ct. 83, 96 L.Ed. 645, where writ of certiorari was denied.

It is evident that the question sought to be raised herein in this application for Writ of Error Coram Nobis was in issue

and directly passed upon and confirmed by the judgment itself, under which conditions the law does not permit us to review or revise our original opinion. Permission is accordingly denied. The execution date having heretofore been stayed for further proceedings is again reset for December 15, 1960, and the warden is directed to execute the judgment and sentence on said date.

NIX, J., concurs.

POWELL, P. J., not participating.