### BILLIE McNEAL v. STATE.

No. 3096.    Opinion Filed March 26, 1919.

(179 Pac. 479.)

1.    **INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** In a prosecution for having possession of intoxicating liquor with intent to sell the same, the evidence considered, and **held** sufficient to sustain the conviction, and that no reversible error was committed on the trial.

2.    **EVIDENCE—Guilt of Third Party.** A defendant on trial on a criminal charge cannot introduce evidence to show the jury that

some other person has confessed that he committed the crime and that defendant had nothing to do therewith.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

Billie McNeal was convicted of a violation of the prohibitory liquor law, and he appeals.    Affirmed.

*Fred W. Kopplin,* for plaintiff in error

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error, Billie McNeal, was convicted in the county court of Tulsa county upon a charge that he did unlawfully have in his possession 59 quarts of whisky, nine half pints of whisky, eight quarts of gin, and one quart of wine, with the intention to sell the same, and his punishment was fixed at confinement for 30 days in the county jail and to pay a fine of $50.    From the judgment rendered on the verdict, he appeals.

The evidence shows that defendant was conducting a rooming house, known as the Oakland Hotel, in the city of Tulsa, which was raided by three peace officers, and that they found in room 18 a plant under the floor which contained intoxicating liquors described in the information; that the room door had on it a Yale lock, a case of empty whisky bottles was found in another room, and in the hallway they picked up two grips filled with whisky bottle wrappers; that at a former time, while said defendant was conducting said place, two trunks full of whisky were seized while being unloaded from a dray into this hotel; and that a party was seen to go out of the hotel with two bottles of whisky, which he broke when followed by officers.

There was also evidence tending to show that the hotel had the reputation of being a place where intoxicating liquors were received and kept for sale.

As a witness in his own behalf, defendant stated that he was present when the officers raided his hotel; that two of his guests, Morrison brothers, occupied room 18 off and on for several weeks; that they were working in the oil fields and would come and go and had left the hotel shortly before the officers appeared with a search warrant, and had absconded; that he did not know that the intoxicating liquor was concealed in room 18, and knew nothing about the empty whisky bottles or the grips containing the whisky wrappers found in the hallway.

On the part of the defendant, several witnesses testified that they had lived and boarded at the Oakland Hotel, and that the place had a good reputation.

Cy Rogers testified that he lived at the Oakland Hotel, and knew the party that went by the name of Morrison, who he had learned occupied room 18; that, after the raid on the Oakland Hotel, he had a conversation with said Morrison. "What did he say?" The state's objection as incompetent was sustained. Whereupon defendant offered to prove by the witness Rogers that said Morrison told witness that he had the liquor in room 18 that was taken by the officers; that he had intended to sell said whisky in the oil fields.

George Vascom testified that the month following the raid he met Charley Morrison in Eldorado, Kan., and had a conversation there with him. The objection of the state as to what Morrison said having been sustained, the same offer of proof was made as to what the witness would testify to, except time and place.

The action of the trial court in excluding the testimony offered by defendant for the purpose of showing that said Morrison had admitted that he was the owner of the intoxicating liquors found in room 18 is assigned as error.

The ruling of the court in excluding as hearsay the testimony so offered was in accordance with the uniform holding of this court. In *Dykes v. State,* 11 Okla. Cr. 602, 150 Pac. 84, it is held that—

"A defendant who is being tried on a criminal charge is not entitled to introduce proof which has for its purpose the establishing before the jury the fact that some other person has confessed that he committed the crime, and that the defendant had nothing to do therewith and was not concerned therein."

And see *Klein v. State,* 15 Okla. Cr. 350, 176 Pac. 414.

It is a sufficient answer to the various other alleged errors to say that the information is sufficient, and the objections made by defendant to the rulings of the court on the admission and rejection of testimony were properly overruled, and we find that the testimony showing or tending to show possession by the defendant of intoxicating liquors as alleged and the intent to sell the same is sufficient to support the verdict and judgment of conviction. Discovering no prejudicial error in the record, the judgment is affirmed. Mandate forthwith.