## ELMER DAVIS v. STATE.

No. A-8470. Feb. 17, 1933.
(19 Pac. [2d] 384.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of burglary in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that the defendant broke a plate glass window in the store of Edwards Bros. and stole certain goods from the store. Two witnesses who knew defendant personally testified that they heard the noise of breaking glass, and later saw defendant coming out of the store carrying some merchandise. Their identification was positive.

The defense was an alibi.

Most of this evidence had the defendant in the vicinity of the place of the crime, at about the time the burglary was committed. Defendant's contention that this evidence is insufficient to support the verdict of the jury is without any merit.

It is next contended that the trial court erred in refusing to permit defendant to prove by certain of his witnesses that they had learned who committed the crime.

When the witness Viola May McCullough was on the stand and objection was made to this proof, counsel dictated the following offer into the record: "Comes now the defendant and offers to show by this witness that one Jesse Chisem, who had been issued a subpoena on the part of defendant in this case, and which subpoena was served upon the witness, Jesse Chisem, has stated that he knew who committed this burglary and knew the party who had this stuff that came out of this house, and the party implicated is a brother-in-law of Jesse Chisem in the wholesale whisky business."

In Dykes v. State, 11 Okla. Cr. 602, 150 Pac. 84, this court had under consideration this question, and in a very strong opinion, citing many authorities, held that this character of evidence was inadmissible.

Defendant relies on Irvin v. State, 11 Okla. Cr. 301, 146 Pac. 453. This case not only does not support the contention of defendant's counsel, but is in harmony with Dykes v. State, supra.

In this connection it is also contended that the court erred in refusing to let defendant testify as to what he had done to find out who the guilty party was.

While the trial court sustained objection to this kind of evidence, he at all times offered to permit the defendant to name the person who had committed the crime, but the only thing defendant offered to do was to show what somebody told him about who committed the crime. This kind of evidence was hearsay, and was properly excluded by the trial court.

It is next contended that the county attorney committed prejudicial error in connection with the cross-examination of one Wade Fargies, a witness for defendant.

It appears from the record that defendant's counsel, in examining this witness, asked him:

"Q. How long have you known this boy? A. About 15 years. Q. Did you ever know him to steal anything? (Objected to and overruled.) A. Not that I know of."

On cross-examination the court permitted the county attorney to ask the witness if he had heard that defendant had been arrested a number of times for stealing. The witness finally admitted he knew he had been in jail, but did not know what it was for.

The court admitted this line of questions on the theory that, defendant having opened the question, the state had a right to reasonable cross-examination. The questions asked were proper, since the defendant himself had gone into the subject.

Finally, it is contended the trial court had no jurisdiction, for the reason the information was not signed by the county attorney, but was signed by one of his assistants.

This question was not raised until the evidence had been introduced, the jury instructed, arguments made, and the jury were ready to consider their verdict.

This prosecution was carried on in the name and by the authority of the state, by one of the assistant county attorneys. The information was signed in the name of the county attorney, by the assistant county attorney, which was sufficient. This court has also held that, where the information is not signed by the county attorney or an assistant, but defendant files no demurrer and goes to trial without objection on that ground, he waives it, citing Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359; Simpson v. State, 16 Okla. Cr. 533, 185 Pac. 116; Braught v. State, 17 Okla. Cr. 1, 179 Pac. 769; McMillan v. State, 31 Okla. Cr. 261, 238 Pac. 510.

Counsel for defendant earnestly contend they made their objection as soon as they discovered the information had been signed by the county attorney. The information was filed with the court clerk and open at all times to inspection of defendant's counsel, and their failure to do so prior to the time they claim they discovered this alleged defect was laches on their part and could not be chargeable to the state.

No prejudicial error appearing upon the face of the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.