## ODIE VICE v. STATE.

No. A.-8527.   June 2, 1933.
(22 Pac. [2d] 1039.)

D. E. Ashmore, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of 15 years.

The information charged that defendant, with Robert Vice and Lloyd Vice, robbed one M. C. Crawley on the 4th day of May, 1932, by putting him in fear of immediate injury to his life and person and threatening to shoot him, and by the use of such force and putting in fear took from his person and immediate presence the sum of $15 in money. Crawley was a storekeeper and testified that defendant and those associated with him came to his store about dark on the day in question and robbed him of his money and committed violence on his person in so doing.

He positively identified the defendant, with Robert Vice and Lloyd Vice, as the parties who committed the crime, and is corroborated by several other witnesses.

The defense interposed was an alibi, and there is evidence to support the same.

Defendant raises two questions:

First. The sufficiency of the evidence to support the verdict and judgment.

It is apparent from an examination of the record that the evidence is directly in conflict, that of the state being sufficient to support the verdict and judgment.

This court has repeatedly held that where the evidence is in conflict it will not substitute its judgment for that of the jury as to the weight of such evidence, or as to the credibility of the witnesses. Ostendorf v. State, 8 Okla. Cr. 362, 128 Pac. 143; Horn v. State, 13 Okla. Cr. 354, 164 Pac. 683; Birdwell v. State, 22 Okla. Cr. 184, 210 Pac. 558; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Cain v. State, 37 Okla. Cr. 282, 257 Pac. 1114.

In Horn v. State, supra, this court held that where the record discloses facts sufficient either to warrant an acquittal or to support a conviction, only errors of law will be reviewed.

Second. Error of the court in overruling defendant's motion for a new trial on the ground of newly discovered evidence.

The motion for a new trial on this ground is supported by the affidavit of Mary Sheward, who testified in substance that she lived at Henryetta, Okla.; that she had a son, Wesley Sheward, twenty-four years of age; that he

had confessed to her he and one Ed Brewer had committed the robbery of which this defendant was convicted. The purpose of this alleged newly discovered evidence was to establish that some person other than defendant had made an extrajudicial confession that he had committed the crime.

Evidence of this character has been held to be inadmissible by this court in a number of cases: Dykes v. State, 11 Okla. Cr. 602, 150 Pac. 84; Williams v. State, 13 Okla. Cr. 189, 163 Pac. 279; Klein v. State, 15 Okla. Cr. 350, 176 Pac. 414; McNeal v. State, 15 Okla. Cr. 555, 179 Pac. 479; Davis v. State, 54 Okla. Cr. 285, 19 Pac. (2d) 384.

Under these authorities the trial court did not abuse its discretion in overruling the motion for a new trial on the ground of newly discovered evidence.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.