Frank CHASE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17938.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1973.

Frank Chase, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Frank Chase, hereinafter referred to as defendant, has brought this appeal from a judgment denying post conviction relief in the District Court of Muskogee County. 22 O.S.1971, § 1080 et seq.

Defendant filed in the District Court a pro se application for post conviction relief, attacking his conviction in said court for kidnapping with intent to extort, after former conviction of a felony, for which defendant was sentenced to thirty-five · years imprisonment on October 30, 1970. An attempted appeal from said conviction was dismissed as untimely.

As grounds for relief in his post conviction application the defendant alleged errors regarding the preliminary examination; alleged that at his trial the court allowed evidence of other crimes immaterial to the charge on trial; alleged the introduction of evidence obtained through an unlawful search; alleged error in admitting evidence as to defendant's former felony conviction; alleged the trial court permitted the prosecuting attorney to comment on parole policies during closing argument; and alleged that the court clerk's error deprived defendant of his constitutional right to appeal his conviction.

After defendant had filed his application for post conviction relief, the District Court, on November 16, 1972, entered an order denying post conviction relief, without granting a hearing thereon. Counsel was not appointed for defendant. The only findings made by the district court in its denial of post conviction relief stated that the defendant's "constitutional rights were protected, and that petitioner's application for post conviction relief, based on the records, pleadings and files in the said case or cases, that there exists no material issue of fact, or question of the law raised by said applicant, and said should be by this court denied."

In appealing the judgment denying post conviction relief, the defendant alleges as error the failure of the district court to grant an evidentiary hearing on the questions of fact presented by his application; error in failure to make specific findings of fact as to each issue raised in defendant's application; and failure of the court to grant an opportunity for the defendant to reply to the State's response.

■ We find merit to the petitioner's assignments of error. It appears that the district court granted summary disposition without a hearing, under the authority of 22 O.S., § 1083. However, Section 1083 provides that "disposition on the pleadings and record is not proper if there exists a material issue of fact." We are of the opinion that some of defendant's allegations in his application for post conviction relief alleged material questions of fact, particularly concerning denial of an appeal due to clerical error. Such an allegation should not be summarily rejected without the taking of evidence which would support or refute the truth thereof. It is the purpose of the Post Conviction Act to provide a forum for the airing of such claims, which can then be disposed of appropriately on the basis of competent evidence.

■ Furthermore, Section 1083(c) provides that "an order disposing of an application without a hearing shall state the court's findings and conclusions regarding the issues presented." In the instant case the district court's order denying post conviction relief without a hearing, makes no findings or conclusions with regard to any of the issues presented by the defendant in his application. Indeed, the order denying relief is nothing more than a standard form in which the defendant's name has been filled in. The court's general conclusion

that the defendant's "constitutional rights were protected" does not answer or resolve the specific claims alleged by the defendant.

Accordingly, we are of the opinion that the district court's order denying post conviction relief must be reversed due to the failure of the district court to conduct an evidentiary hearing on the material questions of fact presented in defendant's petition for post conviction relief; and further must be remanded for the district court to make specific findings and conclusions regarding the issues presented.

Reversed and remanded.

BUSSEY, J., concurs.

BLISS, P. J., not participating.