Jesse E. GLAZIER, Appellant,

v.

The STATE of Oklahoma,
Appellee.

No. PC–76–156.

Court of Criminal Appeals of Oklahoma.

April 12, 1976.

Jesse E. Glazier, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant was heretofore charged, tried and convicted in the District Court, Osage County, Case No. CRF–72–88, for the offense of Robbery with Firearms, After Former Conviction of Felony, and the jury fixed his punishment at an indeterminate term of fifteen (15) to forty-five (45) years' imprisonment. From judgment and sentence in accordance therewith, Appellant perfected a direct appeal to this Court in Case No. F–73–26, wherein his sentence was modified to fifteen (15) years' imprisonment and otherwise affirmed by the decision of this Court published as *Glazier v. State*, Okl.Cr., 514 P.2d 87 (1973). On or about January 30, 1974, Appellant then filed an application for post conviction relief with the trial court and supplemented that with a second application filed on

May 22, 1974. The State responded with a motion for summary dismissal on July 2, 1974, and Appellant filed an answer thereto on July 11, 1974. A post conviction hearing was then conducted by the trial court on June 30, 1975, and relief was denied. A petition in error to review the decision of the trial court was then filed with this Court in Case No. PC–75–427 on July 29, 1975, but dismissed for failure to comply with Rule 4.2C of this Court, requiring that a copy of the order of the trial court denying post conviction relief be attached. Appellant then filed a petition for writ of habeas corpus with this Court in Case No. H–75–751 on December 8, 1975, alleging that he was deprived of his right of appeal from the order of the trial court denying post conviction relief through ineffective counsel. However, that petition was also dismissed for failure to state a ground for habeas corpus relief. Appellant then filed a "subsequent" application for post conviction relief with the trial court on December 24, 1975, alleging the same grounds for relief stated in his petition for writ of habeas corpus filed with this Court, and further alleging that the trial court erred in failing to make specific findings of fact and conclusions of law in previously denying post conviction relief. This application was summarily denied without hearing on January 5, 1976, but the record indicates that the Appellant was not notified of such action until on or about February 19, 1976. Appellant then commenced the present post conviction appeal on March 4, 1976, alleging that the trial court erred in denying his "subsequent" application for post conviction relief without granting him a hearing and entering specific findings of fact and conclusions of law.

■ This Court directed the clerk of the trial court to supplement the record on appeal with copies of all pertinent records relating to Appellant's post conviction proceedings, and the records now presented reveal that the trial court did not enter a written order denying post conviction relief following the hearing conducted on

June 30, 1975. Consequently, we are now persuaded that Appellant's original appeal from denial of post conviction relief was not perfected through no fault of his own and Appellant should be granted an appeal out of time. As we will now consider Appellant's original appeal from denial of post conviction relief upon its merits, his "subsequent" application for post conviction relief and appeal from denial thereof should be dismissed as being moot, except insofar as Appellant therein contended that the trial court erred in failing to make specific findings of fact and conclusions of law upon each issue presented in the original post conviction proceedings. If the records now available to this Court did not permit us to readily dispose of the issues presented in the original post conviction proceedings, this proposition would bear merit requiring that the decision of the trial court be reversed and remanded with directions that specific findings of fact and conclusions of law be made with respect to the issues presented. See, *Chase v. State*, Okl.Cr., 505 P.2d 1003 (1973). However, as hereinafter discussed, the records in Appellant's direct appeal and present appeal, including a transcript of the proceedings upon post conviction hearing, clearly reveal that the assignments of error presented in the original post conviction proceeding are without merit.

In the initial application for post conviction relief filed with the trial court on or about January 30, 1974, Appellant raised the same assignments of error presented in his direct appeal and our decision therein is dispositive thereof. In the supplemental application for post conviction relief filed with the trial court on May 22, 1974, Appellant raised two assignments of error not previously presented. He first contends that he was denied adequate and effective assistance of trial counsel. This assignment of error is premised upon the failure of Appellant's appointed counsel to object to certain jurors taking notes until the presentation of evidence was completed, and his failure to ob-ject and properly preserve for review the propriety of a comment made by the prosecutor in closing argument, as follows:

"[W]ell, anytime you take a mad dog, let's say, you've got a rabid dog running around out there, he's threatening society. You kill it. Not because you want to, kill it, but because it has to be done, to protect society . . . ." (Tr. 366)

The taking of notes by certain jurors did not come to the attention of Appellant's trial counsel until the final witness in the case had begun to testify, and he then timely moved for a mistrial at the conclusion of the reception of evidence. (Tr. 267) The trial court overruled that motion, but required the jurors to surrender their notes. In his direct appeal, the same attorney who represented Appellant at the trial assigned as error the note-taking by jurors, as well as the foregoing comment of the prosecutor. While observing that under no circumstances should jurors be permitted to take their notes into the jury room upon deliberation, we held that whether jurors should be permitted to take notes during the presentation of evidence was discretionary with the trial court, and that the assignment of error then presented was without merit. We further held that the propriety of the foregoing argument was not properly preserved for review on appeal. However, while the comment may then have been a factor in this Court's decision to modify the sentence imposed, we necessarily concluded that the remarks did not interject fundamental error requiring reversal in otherwise affirming the conviction after observing the assignment of error predicated thereon. In disposing of the assignment of error that Appellant was denied adequate and effective assistance of counsel at trial, we therefore need only observe that relief from conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce or a mockery of justice or was shocking to the conscience of the court. See, *Cowan v. State*, Okl.Cr., 507 P.2d 1256 (1973).

■ In the only other assignment presented in Appellant's supplemental application for post conviction relief, he essentially contends that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice. In support thereof he attaches the affidavit of one Jimmy Lee Thomas, dated March 28, 1974, wherein the affiant states:

"On or about Jan. 1972, Al Don Reed came to my house and stated to me that he had just robbed the *MED X's DRUG STORE* in Osage County. He then produced and showed to me the money and drugs from that robbery.

*"THIS IS TO STATE THAT JESSIE GLAZIER # 85480 IS INNOCENT OF THAT ROBBERY."*

The transcript of proceedings upon post conviction hearing indicates that the hearing was continued upon several occasions in order to enable Appellant to secure the attendance of a witness who purportedly committed the offense for which Appellant was convicted, but Appellant failed to produce any such witness. In *Vice v. State*, 54 Okl.Cr. 405, 22 P.2d 1039 (1933), we held that the trial court did not abuse its discretion in overruling a motion for new trial based upon newly discovered evidence of the same nature presently presented since the extrajudicial confession of another is not competent evidence. In pertinent part, we therein stated:

"The motion for a new trial on this ground is supported by the affidavit of Mary Sheward, who testified in substance that she lived at Henryetta, Okl.; that she had a son, Wesley Sheward, twenty-four years of age; that he had confessed to her he and one Ed Brewer had committed the robbery of which this defendant was convicted. The purpose of this alleged newly discovered evidence was to establish that some person other than defendant had made an extrajudicial confession that he had committed the crime.

"Evidence of this character has been held to be inadmissible by this court in a number of cases: *Dykes v. State*, 11 Okl.Cr. 602, 150 P. 84; *Williams v. State*, 13 Okl.Cr. 189, 163 P. 279; *Klein v. State*, 15 Okl.Cr. 350, 176 P. 414; *McNeal v. State*, 15 Okl.Cr. 555, 179 P. 479; *Davis v. State*, 54 Okl.Cr. 285, 19 P.2d 384."

We, therefore, hold this proposition to also be without merit.

■ Appellant is accordingly advised that he has now exhausted his State remedies with reference to the issues presented in the original post conviction proceedings and must seek any further relief in the appropriate federal forum. Although not properly before this Court, we observe that Appellant filed yet another application for post conviction relief with the trial court on August 8, 1975, contending that he had not been granted appropriate credit against his sentence for time he was detained in jail pending conviction. The records in Appellant's direct appeal reveal that prior to trial he was detained in the Osage County Jail as well as the Tulsa County Jail on charges pending there, and he may therefore not be entitled to full credit against his present sentence for all time spent in jail during the pendency of proceedings resulting in the subject conviction. However, the records before this Court do not indicate that the trial court has passed upon this application for post conviction relief, and Appellant has seemingly abandoned this contention as he failed to assign such error in his "subsequent" application for post conviction relief and appeal from denial thereof. In any event, our present decision does not foreclose Appellant from seeking any appropriate relief with respect thereto.

For the above and foregoing reasons, the original order of the trial court denying post conviction relief is AFFIRMED, and Appellant's subsequent post conviction appeal is DISMISSED.

BRETT, P. J., and BLISS, J., concur.